UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMED MULLINS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CGI FEDERAL INC., a Delaware corporation, and DOES 1-20,<br><br>Defendants. | Case No.: 22-cv-1779-DMS-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**[Dkt. No. 40]** |

**I.**

**BACKGROUND**

Before the Court is a document filed by Plaintiff on October 12, 2023, and captioned "Response to Timothy L. Hix's False Perjury, Violation of Professional Responsibility, Violation of Privilege, and Request for Sanctions" ("Motion for Sanctions"). Dkt. No. 40.

On September 27, 2023, pursuant to this Court's Chambers Rules, Defendant's counsel, Timothy L. Hix, sent an email to the Court raising four separate discovery disputes: (1) Plaintiff's refusal to answer Defendant's questions during her September 7, 2023, deposition about CGI's Policies, Sexual Harassment Notices, and Other State/Local Required Information ("Exhibit 6"); (2) Plaintiff's refusal to produce to Defendant copies of handwritten notes passed to her by her brother during the September 7 deposition;

(3) the manner in which Plaintiff stated objections and responses to Defendant's deposition questions; and (4) Plaintiff's failure to produce a copy of a text message she received following her termination from employment. On September 28, 2023, the Court held a Discovery Conference to address each of the disputes. On September 29, 2023, the Court issued a written order memorializing the September 28 conference. The September 29 Order directed, in relevant part, that (1) Plaintiff produce to the Court for *in camera* review copies of all notes passed to her by her brother during the September 7 deposition, and (2) the parties meet and confer regarding Plaintiff's deposition response to Defendant's questions regarding Exhibit 6 and, if no resolution was reached, the parties were further directed to file a joint motion setting forth their respective positions on the issue. Dkt. No. 33. Specifically, the Court ordered that Plaintiff send a written statement of her position to Mr. Hix, and that Mr. Hix prepare the joint motion, insert Plaintiff's statement of her position, and file the joint motion on behalf of both parties. *Id*.

On September 28, 2023, Plaintiff submitted copies of the notes passed by her brother during the September 7 deposition to Chambers for *in camera* review, in compliance with this Court's directive at the September 28 conference. On October 4, 2023, Mr. Hix filed a Joint Discovery Motion Re: Plaintiff's Refusal to Answer Questions at Deposition and Request for Sanctions ("Joint Motion"), which included each party's statement of their position regarding Plaintiff's decision to stand on her refusal to answer Defendant's questions regarding Exhibit 6. Dkt. No. 37. At the beginning of Plaintiff's statement, Mr. Hix included a footnote stating "Plaintiff provided a PDF of her position. Defendant has copied and pasted the text of the PDF verbatim in Section II." *Id*. at 4, n.1.

On October 12, 2023, the Court held a Discovery Hearing to address Plaintiff's brother's notes and the Joint Motion. The Court resolved both disputes during the hearing and issued a written order on October 16, 2023. Dkt. No. 41.

/ / /
/ / /
/ / /

## II.

## DISCUSSION

### A. Plaintiff's Responses to Previously Resolved Disputes

In the Motion for Sanctions, Plaintiff raises several arguments in response to the discovery disputes Defendant raised in its September 27 email. *See generally* Dkt. No. 40. As described above, the Court addressed and resolved each of the discovery disputes after giving both parties the opportunity to be heard by way of the September 28 conference, the Joint Motion, and the October 12 hearing. *See* Dkt. Nos. 33, 37, 41. Plaintiff had ample opportunity to address arguments to the Court regarding the discovery disputes raised by Defendant. The Court has not authorized the filing of further briefing on these issues, and Plaintiff's Motion for Sanctions contravenes the Court's directives set forth in its September 28 and October 16 orders. Dkt. Nos. 33, 37. Accordingly, Plaintiff's arguments concerning previously resolved issues are moot.

### B. Plaintiff's Newly Raised Disputes

Plaintiff also attempts to raise new disputes regarding Defendant's characterization of her former job title and duties and the process by which Mr. Hix prepared the portion of the Joint Motion containing Plaintiff's statement of position. Dkt. No. 40 at 2. The record reflects that Mr. Hix complied with the Court's directive to insert Plaintiff's statement of position into the Joint Motion and file the Joint Motion on behalf of both parties. Mr. Hix represented in the Joint Motion that he copied and pasted the text of Plaintiff's statement "verbatim," and Plaintiff has not produced any evidence to the contrary. Dkt. No. 37 at 4, n.1. For these reasons, the Motion for Sanctions is **DENIED**.

Furthermore, Plaintiff has not complied with this District's Civil Local Rules or this Court's Chambers Rules in raising these new disputes. Civil Local Rule 26.1(a) and Chambers Rule § III(A) both require counsel—including any party representing himself or herself—to meet and confer regarding any discovery dispute before bringing the dispute to the Court for resolution. Furthermore, Chambers Rules §§ III(B)-(D) set forth mandatory procedures which counsel must follow when raising discovery disputes with the Court.

Plaintiff does not indicate in her Motion for Sanctions that the parties met and conferred regarding the new disputes. Moreover, Plaintiff did not request a discovery conference in accordance with the procedures set forth in Chambers Rule § III(C) prior to filing the Motion for Sanctions.

### C. Plaintiff's Request to Recuse Magistrate Judge

Although Plaintiff's Motion for Sanctions is not captioned as a motion to recuse the undersigned, the body of the Motion includes a statement that "[t]he following are my recommendations for sanctions against Defendants and removal of Magistrate Leshner from [the] case for extreme bias and prejudice in favor of Defendants." The Court construes this as a request for the undersigned to recuse.

Section 455(a) of Title 28 of the U.S. Code instructs that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[R]ecusal is appropriate where a 'reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (quoting *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)). Judges should recuse only when there is good reason for doing so: "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation and internal quotation marks omitted).

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id*. Here, as far as the Court can discern, Plaintiff takes issue with the Court's ruling compelling her to produce the deposition notes. To the extent any party disagrees with the Court's rulings, that party may proceed under Federal Rule of Civil Procedure 72 as appropriate. The Court does not discern a basis for recusal, and Plaintiff's motion is **DENIED**.

/ / /

## III.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Sanctions is **DENIED** in its entirety.
2. The request for the undersigned to recuse is **DENIED**.
3. Prior to raising any dispute with the Court, the parties must comply with all applicable Federal Rules of Civil Procedure, Civil Local Rules, and Chambers Rules. Failure to comply with these rules—including the meet and confer requirements of Civil Local Rule 26.1(a) and Chambers Rules § III—may constitute a basis for denial of the motion.

**IT IS SO ORDERED.**

Dated: November 9, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge

5

22-cv-1779-DMS-DDL